19-3895-cr
*United States v. O'Brien*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                                                      19-3895-cr

John J. O'Brien,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                          JOHN E. GURA, JR. (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:      BENJAMIN SILVERMAN, Law Office of Benjamin Silverman, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Pitman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant John J. O'Brien appeals from an order of garnishment, entered on September 27, 2019, by the United States District Court for the Southern District of New York (Pitman, *M.J.*), directing the garnishee, Sullivan & Cromwell LLP ("S&C"), to pay the clerk of the court the cash surrender value of two retirement accounts it held on O'Brien's behalf plus any accrued interest. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

O'Brien worked at S&C, first as an associate and then as a partner, from 1992 until 2009. The garnishment order, issued pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(a), arose from a restitution order imposed by the district court in connection with O'Brien's conviction in 2011, after his guilty plea, on four counts of federal income tax misdemeanors in violation of 26 U.S.C. § 7203. More specifically, the district court sentenced O'Brien to a 28-month term of imprisonment and one year of supervised release, and a payment of $2,866,839.00 in restitution. The criminal judgment provides that O'Brien was to pay restitution in monthly installments of "at least $500 over a period of supervision to commence 30 days after his release from custody." App'x at 83. Following his release from prison in 2014, O'Brien began making irregular restitution payments, ranging from $200 to $1,000. The restitution payments ceased completely in 2017, and he made no further payments through July 2018, with O'Brien having paid a total of less than $5,000 in restitution. O'Brien asserts that,

2

based upon his discussions with his probation officer and overpayments that he made in various months, he did not believe he was in default, and the district court never determined that he was in default.

On July 19, 2018, the United States Attorney's Office for the Southern District of New York filed an application for a writ of garnishment of O'Brien's property under § 3205(a). The application asserted that O'Brien had a nonexempt interest that could be garnished to satisfy a portion of the remaining restitution owed under the criminal judgment.[1] On the same day, the district court issued the writ, requiring S&C to retain the property pending further order of the court, and instructing S&C to file an answer to the writ. S&C filed an answer on August 6, 2018. On September 21, 2018, O'Brien filed a request for a hearing regarding the validity of the writ. On October 23, 2018, O'Brien moved to transfer venue of the proceedings related to the writ from the Southern District of New York to the Eastern District of Pennsylvania but, after being ordered to submit any objections to the writ of garnishment by November 15, 2018, filed no substantive objections. On September 27, 2019, the district court issued the garnishment order denying O'Brien's request for a transfer of venue, and directing S&C to pay to the clerk of the court the cash surrender value of O'Brien's interest in the two retirement plans it held on O'Brien's behalf, plus any accrued interest. As of May 31, 2018, the combined balance of the two retirement accounts subject to the garnishment order was approximately $711,000. This appeal followed.[2]

---

[1] The government has made clear that the writ of garnishment was not an effort to invoke a default remedy under 18 U.S.C. § 3613A.

[2] O'Brien also filed a motion for reconsideration in the district court, which was denied.

3

**DISCUSSION**

## I. Motion to Transfer Venue

O'Brien first argues that the district court erred in denying his motion to transfer venue because a transfer is mandatory under the FDCPA. We review *de novo* issues of statutory interpretation, including the requirements of the FDCPA.

The FDCPA states, in pertinent part, as follows: "If the debtor so requests, within 20 days after receiving the notice [of the garnishment proceeding], the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). Other courts are divided as to whether a venue transfer under § 3004(b)(2) is mandatory. *Compare United States v. Sethi*, No. 08-CV-00418, 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014) (explaining that "[t]he great bulk of authority" has found § 3004(b)(2) is not mandatory, and holding that venue can be denied under that provision if good cause is shown) (collecting cases), *with United States v. Peters*, 783 F.3d 1361, 1363-64 (11th Cir. 2015) (holding that § 3004(b)(2) is mandatory). However, we need not decide that issue because O'Brien's transfer motion was untimely under the statutory provision.[3] In other words, a precondition to the application of this provision is that the debtor make the transfer motion "within 20 days after receiving the notice [of the garnishment proceeding]," 28 U.S.C. § 3004(b)(2), and it is uncontroverted that O'Brien failed to comply with the statutory precondition.

O'Brien argues that the twenty-day requirement is waived because of the government's failure to file an opposition to his transfer motion. However, it is well settled that this Court has the discretion to consider arguments that were not raised below. *See Bogle-Assegai v. Connecticut*,

---

[3] Although the district court concluded that the statutory language was not mandatory without consideration of the timeliness issue, we may affirm on any grounds for which there is sufficient support in the record. *See Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003).

470 F.3d 498, 504 (2d Cir. 2006). We invoke that discretion here for two reasons. First, O'Brien concedes his transfer motion was untimely (by approximately two months) and, thus, he was not prejudiced by the lack of factfinding on the timeliness issue in the district court. Second, O'Brien is not prejudiced by this Court's consideration of his substantive challenge on appeal because his challenge to the garnishment order, as discussed *infra*, is entirely devoid of merit based upon the language of the criminal judgment and his plea agreement. Nor was O'Brien prejudiced by the failure to transfer venue. As discussed below, the merits issues considered by the district court, and raised again here on appeal, were resolved entirely on the papers and did not require O'Brien to travel from his home district to appear in court in connection with the case. In sum, O'Brien's failure to file the motion in compliance with the timeframe set forth in the statute at issue relieved the district court (and this Court) of any obligation that exists for mandatory transfer under § 3004(b)(2).

## II. Motion for a Hearing

O'Brien also contends that the district court erred by declining to hold a hearing on the writ because a hearing was necessary to decide whether there was a default and the validity of potential exemptions. Under the FDCPA, within twenty days of receiving notice of a writ of garnishment, a debtor can request that the court hold a hearing to address the government's compliance with statutory requirements for the issuance of the writ and potential exemptions to the garnishment. 28 U.S.C. § 3202(d).[4] However, O'Brien's separate motion for a hearing was, once again, untimely. O'Brien received the writ and related notices at the latest (by his own acknowledgment)

---

[4] O'Brien made his request for a hearing pursuant to 28 U.S.C. § 3205(c)(5). That provision, however, provides that the judgment debtor "may file a written objection to [the garnishee's] answer and request a hearing." 28 U.S.C. § 3205(c)(5). O'Brien neither filed any objections to S&C's answer nor requested a hearing related to the answer. Instead, he requested that the district court "hold a hearing on the Garnishment." App'x at 96. Therefore, § 3205(c)(5) has no application here, and his motion is properly analyzed under § 3202(d), which addresses a request for a hearing relating to a writ of garnishment.

5

on August 10, 2018, and therefore had until August 30, 2018 to file a motion for a hearing under § 3202(d). O'Brien filed his motion for a hearing on September 14, 2018, two weeks beyond the statutory deadline.

O'Brien argues that, because he was proceeding *pro se* before the district court, he should have been afforded special solicitude with respect to the lateness of his hearing request. However, we have emphasized that "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). In short, in light of the untimeliness of O'Brien's request for a hearing, as discussed below, O'Brien also failed to file any substantive objections to the writ by the deadline set by the district court and because his legal challenge to the garnishment order does not require any factfinding, but rather fails on the merits, he was not entitled to a hearing.[5]

### III. Challenge to a Lump Sum Restitution Payment

The only substantive challenge to the garnishment order that O'Brien raises on appeal relates to his argument that the garnishment order was improper because the existence of an installment payment plan in the criminal judgment precluded the government from seeking a lump sum garnishment. We review this legal issue *de novo*. *See United States v. Kyles*, 601 F.3d 78, 82 (2d Cir. 2010).

As a threshold matter, we note that O'Brien failed to raise this challenge in a timely manner in the district court. (The government, similarly, failed to respond by the court-ordered deadline to O'Brien's motion to transfer.) More specifically, after receiving O'Brien's requests for a hearing and a transfer, the district court held a status conference and subsequently ordered O'Brien

---

[5] Although O'Brien argued that a hearing was necessary to determine if he had defaulted on his restitution obligations under the payment plan, as noted *supra*, the government was not seeking garnishment pursuant to the default remedies under 18 U.S.C. § 3613A. Moreover, O'Brien's legal challenge on appeal relates solely to the wording of the criminal judgment, as to which no facts need to be adduced.

to file any objections to the writ by November 15, 2018 and ordered the government to respond to O'Brien's objections and the request to transfer venue by December 6, 2018. At O'Brien's request, the district court extended his time to file objections to November 26, 2018. However, O'Brien failed to file any substantive objections to the writ by that deadline and failed to file any objections prior to the issuance of the garnishment order.[6] In any event, this challenge fails on the merits.

It is well settled that "[t]he government may enforce restitution orders arising from criminal convictions using the practices and procedures for the enforcement of a civil judgment under federal or state law as set forth in the [FDCPA]." *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015). Among the post-judgment remedies available to the government for enforcement under the FDCPA is garnishment. *See* 28 U.S.C. §§ 3205(a), 3202.

Although O'Brien argues that the district court lacked the authority to grant a lump sum garnishment order because the amount of the garnishment was well above the specified payment plan in the criminal judgment, the judgment stated that O'Brien must pay "*at least*" $500 per month. App'x at 83 (emphasis added). Therefore, neither the payment plan nor any other part of the criminal judgment indefinitely limited the government's collection efforts on this substantial restitution order of over $2.8 million to merely $500 per month. Moreover, O'Brien's plea agreement with the government explicitly stated that "[t]he parties agree . . . that the existence of a payment plan set by the Court shall not bar the IRS and other governmental collection efforts against any of the defendant's available assets." App'x at 48-49. Accordingly, as confirmed by O'Brien's plea agreement with the government, the payment plan in the criminal judgment presented no legal barrier to the issuance of a garnishment order under the circumstances of this case and provides no basis to disturb the district court's issuance of such an order.

---

[6] O'Brien did file substantive challenges, which included this argument, in a motion for reconsideration in the district court, which was denied.

7

\*      \*      \*

We have considered all of O'Brien's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court